## Karl Gath et al., Defendants in Error, v. Interstate Amusement Company, Plaintiff in Error.

## Gen. No. 16,653.

Contracts—''adjacent'' construed. The word ''adjacent'' does not include a town 300 miles away, such word being used in connection with a vaudeville service contract.

Error to the Municipal Court of Chicago; the Hon. Henry C. Beitler, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed April 19, 1912.

Benson Landon, for plaintiff in error.

S. L. & Fred Lowenthal, for defendant in error.

Mr. Justice Clark delivered the opinion of the court.

The parties to this litigation entered into a contract, in and by which the Amusement Company agreed to engage the plaintiffs below, Karl and Erma Gath, for a period of five weeks, to perform what is called a comedy talking, singing and dancing act. The salary was to be $125 per week, and the services were to be rendered in Montgomery, Ala., Little Rock, Ark., Fort Worth, Dallas and Houston, Texas. The plaintiffs were to pay their own traveling and other expenses. The contract provided that either party might terminate it by giving two weeks' notice in writing, and from the compensation a commission of five per cent. was to be deducted and paid to a person named in the contract. The contract further provided that plaintiffs were to perform at ''adjacent cities'' if so required by the Amusement Company.

The plaintiffs were permitted to perform at Montgomery, and while filling the engagement at Little

Rock received a telegram from the Amusement Company undertaking to cancel the contract. The plaintiffs declined to accede, and thereupon the Amusement Company telegraphed them, "You play People's Theatre Beaumont December thirteenth, Star Theatre San Antonio twentieth. Confirm." The plaintiffs replied, "We are billed in Fort Worth and will go to play there next week. Cannot understand this treatment." To which the Amusement Company answered: "You either play Beaumont or nowhere. Contract permits changing route." The plaintiffs were paid for their services at Little Rock, and went to Fort Worth and reported for work under the contract, but were not permitted to go on with it. They returned to Chicago and sought employment during the period sued for, namely three weeks.

There was a trial before the court and a jury, the verdict of the jury being $375. The court required a *remittitur* of $137.50—being one week's salary of $125 and $12.50 commission provided for by the contract. Judgment was thereupon entered for $237.50.

We are asked to reverse this judgment on the ground that the court erred in overruling defendant's motion to direct a verdict, and in excluding evidence in mitigation of damages; also in refusing to give instructions requested by the defendant. The only point argued in behalf of the defendant, the plaintiff in error here, is that "The defendant might mitigate damages by showing that plaintiffs, during the time the contract had to run, earned, or might have earned, wages in some other employment of the same general character."

The clause in the contract which permitted a change of route provided that the Amusement Company might require the plaintiffs to give one or more performances in places adjacent to the cities stipulated in the contract. If the period of performance were less than a week the Amusement Company was to pay the extra

expense. It appears that Beaumont is about 300 miles distant from Fort Worth, and from Little Rock still farther. The plaintiffs in order to carry out their contract reported at Fort Worth, which was the third city mentioned. We know of no definition of the word "adjacent" under which it could be said that Beaumont, 300 miles or more away, was "adjacent." In People v. Keechler, 194 Ill. 235, it has been defined to mean "to be near, close or contiguous."

It is argued by the defendants in error, and, we think, justifiably, that the proposition that they should go to Beaumont was not made in good faith, but merely done in order, if possible, to cause them to abandon their rights under the contract. The plaintiffs were required to pay' their own railroad fares and other expenses, and it was clearly not contemplated by the requirement that they should perform in "adjacent cities" that they travel 300 or more miles for that purpose.

The court treated the telegram of dismissal as ending the contract under its terms, which provided that such might be done on giving two weeks' notice. The amount of the judgment is the salary for two weeks less the five per cent. commission referred to, and we think that justice between the parties has been done. The judgment is therefore affirmed.

*Affirmed.*